## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSCAR HERNANDEZ, JR.,                  :       Civil No. 1:20-cv-1049
                                       :
            Petitioner                 :       (Judge Mariani)
                                       :
       v.                              :
                                       :
ROBERT MARSH,                          :
                                       :
            Respondent                 :

FILED
SCRANTON

FEB 0 8 2022

Per_____
        DEPUTY CLERK

### MEMORANDUM

Petitioner Oscar Hernandez ("Hernandez"), a federal inmate incarcerated at the

State Correctional Institution at Benner Township, Pennsylvania ("SCI-Benner Township"),

commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241 challenging the Federal Bureau of Prisons' ("BOP") prior custody credit determination.

(Doc. 1).  Presently before the Court is Hernandez's motion (Doc. 14) for reconsideration of

the March 5, 2021 Order (Doc. 13) dismissing the habeas petition as moot.  For the reasons

set forth below, the Court will grant the motion, vacate the Order dismissing the habeas

petition as moot, and deny the habeas petition on the merits.

### I.    Factual Background & Procedural History

On June 11, 2001, Hernandez was sentenced in the Court of Common Pleas of

Northampton County, Pennsylvania to a term of imprisonment of 36 to 180 months, in case

number CP-48-CR-0003456-2000.  (Doc. 11-1 at 1 ¶ 4, Declaration of Matthew Lavelle,

BOP Attorney ("Lavelle Decl.")).  On November 18, 2003, he was released by the

Pennsylvania Department of Corrections ("DOC"), on parole, owing 4,310 days until the maximum date of the imposed sentence, September 6, 2015. (*Id.* ¶ 5). On July 13, 2004, Hernandez returned to the custody of the DOC due to his January 2004 involvement in gang related activities which were under investigation by local law enforcement, the Federal Bureau of Investigation, and the Bureau of Alcohol, Tobacco, Firearms and Explosives. (*Id.* ¶ 6). Also, in March 2004, Hernandez was involved in a further gang related plan to commit murder in New Jersey. (Doc. 11 at 3).

On August 1, 2006, while in the custody of the state of Pennsylvania, Hernandez was arrested by Pennsylvania authorities in Northampton County for the state charges of homicide and two counts of criminal conspiracy to commit homicide. (Lavelle Decl. ¶ 7). These charges related to the events of January 2004 and March 2004. (*Id.*). On October 9, 2007, Hernandez was sentenced in the Court of Common Pleas of Northampton County, Pennsylvania, to a term of imprisonment of 10 to 20 years, in case number CP-48-CR-0003037-2006, for criminal homicide and criminal conspiracy to commit homicide. (*Id.* ¶ 9).

On August 17, 2010, Hernandez was borrowed by federal authorities pursuant to a writ for prosecution. (*Id.* ¶ 10). On February 10, 2012, Hernandez was sentenced in the United States District Court for the Eastern District of Pennsylvania to a term of imprisonment of 240 months, in case number 09-CR-000155-003, for conspiracy to participate in a racketeering enterprise, murder in aid of a racketeering enterprise, aiding and abetting, two counts of using/carrying a firearm during and in relation to a crime of

violence, conspiracy to commit murder in aid of racketeering and aiding and abetting.  (*Id.* ¶

11).  The Eastern District Court ordered that the federal sentence run concurrently with

Hernandez's Pennsylvania sentences in cases CP-48-CR-0003456-2000 and CP-48-CR-

0003037-2006.  (*Id.*).  On February 16, 2012, Hernandez was returned to Pennsylvania

state custody.  (*Id.* ¶ 12).

State authorities in Pennsylvania ultimately revoked Hernandez's state parole due to

gang related criminal activities.  (*Id.* ¶ 13).  The DOC determined that Hernandez was

subject to 3,264 days of parole revocation term (4,310 days remaining - 1,046 of "Back time

Credit" = 3,264 days of "Back time Owed").  (*Id.*).  On February 10, 2012, the DOC

commenced the 3,264-day revocation term.  (*Id.*).  This calculation resulted in a new

maximum date of January 17, 2021.  (*Id.*).  On April 11, 2014, Hernandez satisfied the state

parole revocation term.  (*Id.* ¶ 14).  However, he remained in the custody of the DOC to

begin serving his 10-to-20-year term of imprisonment in case number CP-48-CR-0003037-

2006.  (*Id.*).  The DOC commenced this sentence on April 12, 2012 and applied

presentence credit from August 1, 2006 through October 8, 2007, and from August 21, 2010

through February 9, 2012.  (*Id.* ¶ 15).  This presentence credit applied by the DOC does not

include the time previously served on Hernandez's previous state sentence from October 9,

2007 through August 20, 2010, or from February 10, 2012 through April 11, 2014.  (*Id.*).

Matthew Lavelle, BOP Senior Attorney, audited Hernandez's sentence calculation

and certified that his sentence calculation was correct.  (*Id.* ¶ 25).  Based on the 240-month

term of imprisonment, the BOP calculated Hernandez's sentence as commencing on February 10, 2012, the date he was sentenced in the Eastern District of Pennsylvania. (*Id.* ¶ 24). Hernandez received prior custody credit for time spent in official detention from March 17, 2004 through July 31, 2006, and from August 1, 2006 through January 27, 2007. (*Id.*). Hernandez received a total of 867 days of prior custody credit. (*Id.*). Based on this calculation, Hernandez is scheduled to satisfy his federal sentence on April 14, 2026, via good conduct time. (*Id.*).

In the habeas petition, Hernandez challenges his sentence computation and seeks additional credit for time served. (Doc. 1). On March 5, 2021, the Honorable John E. Jones, III, entered an Order dismissing Hernandez's habeas petition as moot. (Doc. 13). Hernandez timely thereafter filed the motion presently before this Court seeking reconsideration of the order of dismissal (Doc. 14).[1]

## II.   Discussion

### A.   Motion for Reconsideration

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law;

---

[1] The above-captioned action was re-assigned to the undersigned on August 4, 2021, following the resignation of Judge Jones.

(2) the availability of new evidence that was not available previously; or (3) the need to

correct clear error of law or fact or to prevent manifest injustice. *Howard Hess Dental Labs.,*

*Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). Because of the court's interest

in the finality of judgments, "motions for reconsideration should be granted sparingly,"

*Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995),

and may not be used to give a litigant a "second bite at the apple," *Bhatnagar v. Surrendra*

*Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Hernandez seeks reconsideration of the Court's Order dismissing his petition for writ

of habeas corpus as moot. In the March 5, 2021 Order, Judge Jones found that Hernandez

was not in the custody of the BOP and his maximum sentence expired on January 17, 2021,

which rendered the petition moot. In the motion for reconsideration, Hernandez argues that

he is in the custody of the Pennsylvania Department of Corrections and is challenging two

state sentences. Because Hernandez is presently incarcerated at SCI-Benner Township

and is in the custody of the DOC, the motion for reconsideration will be granted. The Court

will thus address the merits of Hernandez's habeas petition.

### B.    Merits of the Habeas Petition

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the

fact or length of confinement", *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), or the

"execution" of his confinement, *Woodall v. Fed. BOP*, 432 F.3d 235, 241-42 (3d Cir. 2005).

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he

demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).

Section 3585 of Title 18, which governs prior custody credit, provides:

(a)     Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b)     Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.  Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence.  The United States Supreme Court has made clear that a defendant cannot receive a "double credit" for his detention time. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

As stated, Hernandez is serving a 240-month federal term that was ordered to be served concurrently with his state sentences.  His federal sentence commenced on February 10, 2012.  Pursuant to 18 U.S.C. § 3585(b), Hernandez is prohibited from receiving prior custody credit for the time he spent in the primary custody of Pennsylvania

6

from August 1, 2006 through February 9, 2012.  *See* 18 U.S.C. § 3585(b) (precluding an

inmate from receiving double credit); *Wilson*, 503 U.S. at 337 (explaining that with the

enactment of § 3585(b), "Congress made it clear that a defendant could not receive a

double credit for his detention time.").  Under § 3585(b), the time Hernandez spent in New

Jersey from March 17, 2004 through July 12, 2004, and the time he spent in the custody of

Pennsylvania from July 13, 2004 through July 31, 2006 is creditable towards his federal

sentence, as it was not credited towards another sentence.

The BOP has created a limited exception to § 3585(b)'s rule against double credit in

accordance with the decisions in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1972)[2] and

*Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).[3]  Because Hernandez was in primary state

custody at the time his federal sentence was imposed, and the federal court ordered his

federal sentence to be served concurrently with the state term, the BOP reviewed

Hernandez's federal sentence for possible credits for presentence time pursuant to *Willis*

and *Kayfez*.  First, the Raw Expiration Full Term ("EFT") of both the non-federal and the

federal sentence had to be determined by adding the length of the sentence to the date the

---

[2]   Pursuant to *Willis,* the BOP will award an amount of non-federal presentence credit if the
following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the
non-federal raw effective full term ("EFT") is either the same or earlier than the federal raw EFT.  (*See* Doc.
11-1 at 118-20, Program Statement 5880.28).

[3]   Pursuant to *Kayfez,* the BOP will grant to a federal prisoner an amount of qualified double
credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2)
the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term;
and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a
date that is earlier than the federal raw EFT date.  (*See* Doc. 11-1 at 120-22, Program Statement 5880.28).

sentence commences.  (Doc. 11-1 at 46, Program Statement 5880.28).  Hernandez's 20-year state term commenced on April 12, 2014, with a Raw EFT date of April 11, 2034. (Lavelle Decl. ¶ 22).  His 240-month federal term commenced on February 10, 2012, with a Raw EFT date of February 9, 2032.  (Id.).

Hernandez is entitled to *Willis* credit only if his state and federal sentences are concurrent and the Raw EFT of his state sentence is the same or earlier than the Raw EFT of his federal sentence.  Hernandez's sentences are concurrent.  The Raw EFT date of his state sentence is April 11, 2034.  The Raw EFT date of his federal sentence is February 9, 2032.  Because the Raw EFT date of Hernandez's state sentence is longer than the Raw EFT date of his federal sentence, he is not entitled to *Willis* credit.

Hernandez is entitled to *Kayfez* credit only if his state and federal sentences are concurrent, the Raw EFT of the state term is greater than the Raw EFT of the federal term, and if, after application of qualified non-federal presentence time, the Raw EFT of the state term is earlier than the Raw EFT of the federal term.  Hernandez's sentences are concurrent.  As previously stated, the Raw EFT date of Hernandez's state sentence is longer than the Raw EFT date of his federal sentence.  However, after application of 972 days of qualified prior custody credit (August 1, 2006 through October 8, 2007, and August 21, 2010, through February 9, 2012), his state adjusted EFT date is August 13, 2031. (Lavelle Decl. ¶ 23).  Since the adjusted EFT date of his state sentence (August 13, 2031) is

180 days earlier than the federal Raw EFT of February 9, 2032, Hernandez qualifies for *Kayfez* credits.

The BOP, therefore, "prepared an updated sentence computation for Hernandez based on a 240-month term of imprisonment beginning February 10, 2012, (the date it was imposed), with 867 days of jail credit for time spent in official detention from March 17, 2004 through July 31, 2006, and from August 1, 2006 through January 27, 2007." (*Id.* ¶ 24). Hernandez's current projected release date, with good conduct time, is April 14, 2026. (*Id.*). Based on the foregoing, the Court concludes that the BOP properly calculated Hernandez's sentence. Hernandez has been awarded all credit to which he is entitled and is not entitled to the relief he seeks in his § 2241 petition.

III. <u>Conclusion</u>

The Court will grant Hernandez's motion (Doc. 14) for reconsideration, vacate the Order dismissing the habeas petition as moot, and deny the habeas petition based on the conclusions set forth herein. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February ___, 2022